IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RICK JOHN MORALES, JR.,<br><br>Defendant. | Cause No. CR 20-58-GF-BMM<br><br>ORDER |

Defendant Rick John Morales, Jr. ("Morales") filed a motion to dismiss for violation of his right to a speedy trial under 18 U.S.C. § 3162(a)(2). (Doc. 102.) The Court held a hearing on the motion to dismiss on October 20, 2021. (Doc. 127.)

## BACKGROUND

The Government filed the Sealed Indictment against Harry Azure ("Azure") on August 21, 2020. (Doc. 1.) The Indictment charged Azure with one count of Assault Resulting in Serious Bodily Injury. (*Id.*) Azure was arrested and arraigned on September 1, 2020. (Doc. 4.) The Court initially set Azure's trial for November 3, 2020. (Doc. 11.)

The Government filed a Sealed Superseding Indictment on October 8, 2020, that added a second count for Burglary and added Morales as a co-defendant on both

1

counts. (Doc. 17.) The Court arraigned Azure on the Superseding Indictment on October 15, 2020. (Doc. 26.) The Court re-set the trial for December 15, 2020. *Id.* Morales was brought before the Court on a Writ of Habeas Corpus ad Prosequendom. (Doc. 37.) The Court arraigned Morales on December 8, 2020. *Id.*

Numerous continuances ensued. Azure requested the first continuance on November 13, 2020. (Doc. 34.) The Court granted Azure's request and re-set the trial date for February 16, 2021. (Docs. 36 and 40.) Morales requested his own continuance of trial and pretrial deadlines on January 5, 2021. (Doc. 42.) The Court granted Morales's request on January 13, 2021, and re-set trial for March 30, 2021. (Doc. 43.) Morales requested a third continuance on February 26, 2020, which the Court granted on March 2, 2021. (Docs. 44 and 45.) The Court re-set trial for May 4, 2021. (Doc. 45.) Azure requested a fourth continuance on April 2, 2021. (Doc. 46.) The Court granted Azure's request and re-set trial for June 8, 2021. (Doc. 48.)

Morales and Azure filed a pretrial Motion in Limine on May 10, 2021. (Doc. 50.) Morales and Azure again requested that the Court continue the trial for the fifth time while they litigated the Motion in Limine. (Docs. 58 and 59.) The Court resolved the Motion in Limine on June 7, 2021. (Doc. 63.) The Court re-set the trial for July 27, 2020. (Doc. 59.) The Defendants filed their sixth and final Motion to Continue on June 11, 2021. (Doc. 65.) The Court re-set the trial for August 10, 2021.

(Doc. 66.)

On July 29, 2021, the Court, *sua sponte*, ordered that the trial for both Defendants be re-set for August 24, 2021. (Doc. 83.) The Government filed its only Motion to Continue Trial Due to Unavailability of Essential Witness on July 30, 2021. (Doc. 86.) The Government requested that the trial be re-set to either the week of October 5, 2021, or October 26, 2021. (*Id.*) The Government reported that an expert witness, Dr. Dusty Richardson, would not be available during the week of August 24. (*Id.*) Dr. Richardson, a neurosurgeon, treated the victim's injuries that the Government alleges were caused by the Defendants striking the victim in the head. (*Id*). The Court granted the Government's motion and re-set the trial for October 25, 2021. (Doc. 87.)

## LEGAL STANDARD

The Speedy Trial Act, 18 U.S.C. § 3161, requires that a defendant be brought to trial within seventy (70) days of the indictment or of his initial appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). The Speedy Trial Act provides for "periods of delay" that are excluded from computing the time within which a trial must commence. *See Id.* § 3161(h). A court may exclude periods of time for a variety of reasons, including delay resulting from pretrial motions; delay transporting the defendant from another district; a reasonable period of delay when

the defendant is joined for trial with a codefendant; any period of delay resulting from the absence or unavailability of the defendant or an essential witness; and periods of delay granted by a judge "at the request of the defendant or his counsel." *Id.*

To determine whether a Sixth Amendment speedy trial violation occurred, the Court applies the four-factor test articulated in *Barker v. Wingo*, 407 U.S. 514 (1972). Those factors are: (1) length of delay, (2) reason for the delay, (3) the defendant's assertion of his speedy trial rights, and (4) prejudice to the defendant. *Id.* at 530. "A court balances all four of these factors in a practical, case-by-case analysis under Barker." *United States v. Myers*, 930 F.3d 1113, 1120 (9th Cir. 2019) (citation omitted). No single factor is "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial." *Barker*, 407 U.S. at 533.

## ANALYSIS

Morales asserts that 110 non-excludable days will have passed by the October 25, 2021 trial date. Morales claims that 27 days elapsed from Morales's arraignment on December 8, 2020, through the day the Government filed its Motion to Continue Trial Due to Unavailability of Essential Witness on July 30, 2021. (Doc. 103 at 4.) Morales contends that another 73 non-excludable days will have elapsed by the time of his scheduled trial on October 25, 2021. (*Id.*) Morales argues that Dr. Richardson

4

does not qualify as an essential witness under the Speedy Trial Act. Morales argues, as a result, that the time following the Government's motion to continue trial should count toward, and, thus, surpass the statutorily required 70 days between Morales's appearance before this Court and his trial date. (*Id.* at 5.)

### I. Dr. Richardson qualifies as an essential witness under the Speedy Trial Act.

Morales's motion to dismiss hinges upon whether the Speedy Trial Act excludes the time resulting from the Government's Motion to Continue Trial Due to Unavailability of Essential Witness. (Doc. 86.) If Dr. Richardson qualifies as an essential witness for the purposes of the trial, then the period of time related to the Government's motion to continue would be excluded from consideration under the Speedy Trial Act. 18 U.S.C. § 3161(h)(3)(A). Morales would thus not have been denied a speedy trial. The Court finds that Dr. Richardson qualifies as an essential witness under the Speedy Trial Act for the reasons discussed below.

The Speedy Trial Act excludes "[a]ny period of delay resulting from the absence or unavailability of the defendant or an essential witness." 18 U.S.C. § 3161(h)(3)(A). The Senate Judiciary Committee Report accompanying the bill that became the Speedy Trial Act stated as follows:

> By an "essential witness" the Committee means a witness so essential to the proceeding that continuation without the witness would either be impossible or would likely result in a miscarriage of justice. For

5

example, a chemist who has identified narcotics in the defendant's possession would be an "essential witness ...."

S. Rep. No. 1021, 93d Cong., 2d Sess. 37 (1974). Morales argues that Dr. Richardson was not essential because another witness, Physician's Assistant Amy Hansen, was available and could provide "the Government with necessary testimony regarding the elements of serious bodily injury." (Doc. 103 at 7.)

Morales cites no authority for the assertion that a witness's testimony may not be essential because it is similar in nature to the testimony of another witness. Some Courts of Appeal have concluded the opposite. *See United States v. Miles*, 290 F.3d 1341, 1350 (11th Cir. 2002) ("A witness may be deemed essential for the purposes of the Act, even though the government could obtain a conviction without his testimony."); *also United States v. Roy Hamilton*, 46 F.3d 271, 277 (3d Cir.1995); *United States v. Tedesco*, 726 F.2d 1216, 1222 (7th Cir.1984); *United States v. Marrero*, 705 F.2d 652, 656–57 (2d Cir.1983). There may be an instance where a witness's testimony proves duplicative to the extent that, where it might otherwise be essential in isolation, the quantity and quality of other witness's testimony renders that testimony unessential. This is clearly not such a case.

Dr. Richardson was the victim's first medical provider after his injury. (Doc. 84 at 2.) Dr. Richardson performed the surgery that prevented the victim's death by eliminating pressure upon the victim's brain. (*Id.*) No witness could be more

6

essential to describe the victim's injury. PA Hansen is incapable of providing the same type testimony. PA Hansen's experience is limited to the victim's rehabilitation process. PA Hansen's purported testimony relates to the victim's rehabilitation. (Doc. 85.) Dr. Richardson and PA Hansen are the only expert witnesses for the victim's injury, and they would provide distinct testimony. Both Dr. Richardson and PA Hansen would provide testimony for necessary elements of the crime, specifically serious bodily injury. Both witnesses would attest to the same element of the crime, but that alone does not constitute sufficient grounds to render either unessential for the Government to prove the crime alleged. Dr. Richardson qualifies as an essential witness.

## II. Dr. Richardson was unavailable on August 24, 2021.

Morales also argues that Dr. Richardson was not determined unavailable for the purposes of the Speedy Trial Act. "A defendant or an essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence." 18 U.S.C. § 3161(h)(3)(B). Morales argues that the Government did not identify sufficient reasons when it stated that Dr. Richardson was unavailable "except the week[s of] October 5 [or] October 26, 2021." (Doc. 103 at 8.) Morales asserts that the Government's failure to identify earlier dates does not comport with the "due diligence" required by the Speedy Trial

7

Act. The Court disagrees.

Due diligence requires "reasonable" efforts on the Government's part to bring the witness to trial. *See United States v. Burrell*, 634 F.3d 284, 290 (5th Cir. 2011). The Fifth Circuit in *Burrell* contrasted the government's "reasonable" efforts to procure a witness in *United States v. Patterson*, 277 F.3d 709 (4th Cir. 2002), with the efforts in the case before it. Many commentators have endorsed *Patterson* as the proper application of the "reasonable" efforts requirement of § 3161(h)(3). *Burrell*, 634 F.3d at 291. The government presented testimony in *Patterson* that that it had attempted to arrange for a witness's transportation to trial, but that to ensure the witness would be in time for trial "would require chartering a plane or driving [the witness from] South Carolina" to the trial in Norfolk, Virginia. *Patterson*, 277 F.3d at 711. These efforts would have created a hardship for the U.S. Marshals Service. *Id.*

The Government filed its motion to Continue Trial Due to Unavailability of Essential Witness the day after the Court set the trial for August 24, 2021. (Doc. 86.) The Government provided the first two dates that Dr. Richardson would be available to testify at trial, given Dr. Richardson's substantial commitments as a neurosurgeon. (Doc. 121 at 19.) Dr. Richardson attests that the dates provided by the Government were the first that he was available. (Doc. 125-1 at 2-3.) Dr. Richardson attests that

8

COVID-19 virus has made scheduling uniquely burdensome. (*Id.* at 4.)

To ensure that patients are not carrying COVID-19 at the time of surgery, patients must quarantine prior to their scheduled surgery, which makes rescheduling surgeries particularly difficult. (*Id.*) Patients must quarantine both to reduce the spread of the virus and reduce post-operative risk. *See* Francesco Doglietto et al., *Factors Associated With Surgical Mortality and Complications Among Patients With and Without Coronavirus Disease 2019 (COVID-19) in Italy*, 155 JAMA SURGERY 691, 692 (June 12, 2020) (demonstrating that the 30-day risk of mortality, pulmonary complications, and thrombotic complications for patients with COVID-19 undergoing surgery, compared with patients without COVID-19, was significantly higher.) These factors highlight the burden of procuring Dr. Richardson for trial before October 25, 2021. The Government exerted reasonable efforts to make Dr. Richardson available for trial. Dr. Richardson was unavailable for the purposes of the Speedy Trial Act.

### III. Morales Sixth Amendment right to a speedy trial was not violated.

The length of delay represents a threshold factor. Morales must show the total delay is "presumptively prejudicial" for the court to then consider and weigh the other three speedy trial factors. *See United States v. Myers*, 930 F.3d 1113, 1119 (9th Cir. 2019). The Court notes that one year usually constitutes the presumptively

9

prejudicial threshold. *United States v. Gregory*, 322 F.3d 1157, 1161-62 (9th Cir. 2003). Morales has been in federal custody for slightly more than 10 months. The Court nevertheless out of an abundance of caution will examine the remaining factors despite Morales's failure to qualify for a presumption of prejudice. The Court also notes that the Government obtained Morales's presence in federal custody through a Writ of Habeas Corpus ad Prosequendom as he was in state custody at the time of his indictment in this case. (Doc. 37.)

The second factor focuses on "the reason the government assigns to justify the delay." *Myers*, 930 F.3d at 1119 (citation omitted). The Government contributed to only one delay when it filed its sole motion to continue the trial on July 30, 2021, due to the unavailability of Dr. Richardson for the August 24, 2021 trial date. (Doc. 86.) By comparison, Morales and his co-defendant Azure filed six motions to continue the trial. (Docs. 34, 42, 44, 46, and 58.) The Government justified its single request for a continuance based upon the unavailability of Dr. Richardson as an essential witness. (Doc. 86.) Dr. Richardson had performed surgery on the victim after the attack. (*Id.*) Dr. Richardson's obligations at the hospital in Billings, including his on-call duties and previously scheduled surgeries, left him unavailable to make the 220-mile drive to testify in Great Falls on August 24, 2021. (*Id.*) These hardships, when viewed in light of the COIVD-19 restrictions faced by medical

10

facilities, compare favorably with the factors deemed reasonable in *Patterson*, 277 F.3d at 711 (travel from South Carolina to Norfolk, Virginia). The Court finds the Government's reasons for the delay to be warranted based on the need for Dr. Richardson to testify as to the nature and extent of the injuries suffered by the victim in the attack, including details of the surgery that he performed on the victim after the attack. The Government in no way acted in bad faith in seeking the continuance. *See Barker*, 407 U.S. at 529.

Morales argues that the delay from the Government's motion for continuance proved prejudicial because of the anxiety caused to him and because some witnesses may not be available in the future if the Court were to grant the motion to dismiss without prejudice. The U.S. Supreme Court recognizes that an unreasonable delay can prejudice a defendant in three ways: (1) "oppressive pretrial incarceration," (2) "anxiety and concern of the accused," and (3) "the possibility that the defense will be impaired." *Barker*, 407 U.S. at 532. The fact that Morales was in state custody at the time of his indictment undermines his claim that he suffered oppressive pretrial delay and anxiety and concern arising from the Government's sole request for a continuance. Morales argues that he would have completed his state sentence but for his transfer to federal custody. Morales fails to explain how this fact contributed to any oppressive pretrial delay or increased anxiety or concern. Morales has failed to

11

persuade the Court that he has suffered actual prejudice in that he would have been in custody on his state sentence even if he had not faced pretrial incarceration in this case.

Finally, Morales has failed to demonstrate any impairment to his defense caused by the Government's sole request for a continuance. Morales asserted, without any accompanying support, that his elderly father may be unavailable to testify at his trial and that another potential witness has been in and out of jail during the ten months of Morales's pretrial incarceration and also could be unavailable to testify. These claims constitute mere speculation and fail to support any impairment of Morales's defense. The Court finds that Morales suffered no actual prejudice that would violate his Sixth Amendment rights. The Court's analysis comports with due process requirements and the Sixth Amendment.

## CONCLUSION

Dr. Richardson is an essential witness who was unavailable for the purposes of the Speedy Trial Act. Even accepting as true Morales's assertion that 27 days had elapsed from Morales's December 8, 2020 arraignment through July 30, 2021, the time until trial has not exceeded the statutory requirements of the Speedy Trial Act. Morales alleged no actual prejudice, and his Sixth Amendment right to a Speedy Trial was not violated.

Accordingly, **IT IS ORDERED** that:

1. Morales's Motion to Dismiss on Speedy Trial, (Doc. 102), is **DENIED**.

2. Morales's Motion to Vacate the Trial currently set for October 25, 2021, (Doc. 104), is **DENIED**.

DATED this 21st day of October, 2021.

_____
Brian Morris, Chief District Judge
United States District Court